UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-2975

JORGE GONZALEZ,

Plaintiff,

v.

THE LANE CONSTRUCTION CORPORATION,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, JORGE GONZALEZ, by and through undersigned counsel, sues Defendant, THE LANE CONSTRUCTION CORPORATION, and alleges as follows:

Introduction

1. This is an action for damages and equitable relief to redress unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Florida Statutes. Plaintiff, a Guatemalan national, was subjected to discrimination and retaliation by his

employer, THE LANE CONSTRUCTION CORPORATION, culminating in his termination on June 10th, 2026.

## Jurisdiction And Venue

2. This is an action for damages brought in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.
3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760.
4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case and pursuant to 28 U.S.C. §§1332 and 1367.
5. Venue lies in this District under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in Polk County, Florida.

## Parties

6. Plaintiff, JORGE GONZALEZ (hereinafter, "GONZALEZ" or "Plaintiff"), is a resident of Polk County, Florida, within the jurisdiction of this Court, whom the Defendant employed. The Plaintiff is a member of certain protected classes of persons because

of his National Origin and participation in protected activity under federal and state law.

7. Defendant, THE LANE CONSTRUCTION CORPORATION (hereinafter, "LANE CONSTRUCTION", or "Defendant"), is a Foreign Profit Corporation, conducting business in Polk County, Florida, within the jurisdiction of this Honorable Court. Defendant has local facilities located at 3350 Reynolds Road, Lakeland, FL 33803, where Plaintiff worked.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h), and Defendant always had 15 or more employees for each working day in each of 20 or more calendar weeks.

Conditions Precedent and Procedural Background

9. On or about July of 2026, Plaintiff filed a Charge of Discrimination and Retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No.: 511-2026-04598), alleging violations of Title VII and the FCRA based on his Guatemalan national origin and his statutorily protected activity.

10. The EEOC accepted the charge for review and subsequently issued a Notice of Right to Sue on August 6th, 2026 upon request. **See attached Exhibit "A".**

11. This action is timely filed within 90 days thereafter; all conditions precedent have been satisfied or waived.

<u>General Factual Allegations</u>

12. Plaintiff, GONZALEZ, is an individual of Guatemalan National Origin. He is a member of a protected class under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992 ("FCRA"), by virtue of his National Origin and his participation in protected activities as defined under federal and state law.

13. Defendant LANE CONSTRUCTION owns, operates and manages its Lakeland division, which largely focuses on major primary asphalt operations, paving, and regional roadway infrastructure.

14. Defendant LANE CONSTRUCTION employed Plaintiff GONZALEZ from on or about March of 2026, through June 10th, 2026, or for a period of approximately over three months. At the time of his termination, Plaintiff had an hourly rate of pay of $23.00 per hour. Plaintiff was a full-time employee.

15. Plaintiff was hired for, and fulfilled his duties as a "Bridge Carpenter" working for the Defendant's Lakeland, Florida operations.

16. Throughout his employment, Plaintiff performed his duties faithfully and competently. He met or exceeded his employer's expectations and was qualified for his position.

17. From the beginning of his employment, Plaintiff was subjected to highly offensive and discriminatory remarks, as well as to a hostile work environment, based solely on his Guatemalan National Origin.

18. Plaintiff was assigned to a crew consisting of three Puerto Rican employees: Supervisor Hector, co-worker Braulio, and another co-worker by the name of Hector.

19. Approximately one week after Plaintiff started, the Puerto Rican crew began isolating and casting Plaintiff aside on account of his Guatemalan national origin. Plaintiff's supervisor and co-workers did not want Plaintiff in the company truck, left Plaintiff working alone while they worked together, and refused to take Plaintiff for his lunch break in the company truck.

20. Plaintiff's co-workers Braulio and Hector mocked Plaintiff and made comments such as "Guatemalans think they know how to do everything." They also repeatedly asked Plaintiff for his

"immigration documents" and threatened Plaintiff that "ICE was going to take [him]".

21. Whenever Plaintiff's supervisor and co-workers saw an ICE vehicle on the road, they would say things like "watch out, they are coming for you" and laugh among themselves.

22. Plaintiff's co-workers also began making false statements to the Superintendent that Plaintiff was not working, in an effort to compromise Plaintiff's employment. This harassing and discriminatory conduct based on Plaintiff's Guatemalan national origin continued throughout Plaintiff's employment and created a hostile working environment.

23. On or about the first week of June 2026, Plaintiff engaged in statutorily protected activity by complaining to management that he was being discriminated against on account of his Guatemalan national origin.

24. This complaint constituted statutorily protected activity under both federal and state law.

25. On June 10, 2026, Superintendent Russell informed Plaintiff that the crew stated they did not want to work with Plaintiff and that Plaintiff

did not clean his shoes when entering the company truck. Plaintiff was terminated that day.

26. Defendant's actions deprived Plaintiff of equal employment opportunities, causing him to suffer significant emotional and financial harm.

27. The unlawful practices described above were intentional, willful, and in direct violation of the anti-discrimination provisions of Title VII as well as the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et seq.

28. Plaintiff's termination occurred in close temporal proximity to his engagement in protected activities in June of 2026.

29. Defendant is subject to vicarious liability for the actions of its management agents because it failed to take appropriate remedial action to stop the discrimination, harassment, and retaliation, despite being aware of such conduct.

30. Plaintiff has retained the undersigned counsel to represent him in this matter and is obligated to pay reasonable attorneys' fees and costs.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: DISCRIMINATION BASED ON NATIONAL ORIGIN;

31. Plaintiff GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. At all times material hereto, the Employer/Defendant LANE CONSTRUCTION failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Race, Color, Religion, Sex, or National Origin."

33. Defendant LANE CONSTRUCTION employed Plaintiff GONZALEZ from on or about March of 2026, through June 10th, 2026, or for a period of approximately over three months. At the time of his termination, Plaintiff had an hourly rate of pay of $23.00 per hour. Plaintiff was a full-time employee.

34. Plaintiff was hired for, and fulfilled his duties as a "Bridge Carpenter" working for the Defendant's Lakeland, Florida operations.

35. Throughout his employment, Plaintiff performed his duties faithfully and competently. He met or exceeded his employer's expectations and was qualified for his position.

36. From the beginning of his employment, Plaintiff was subjected to highly offensive and discriminatory remarks, as well as to a hostile work environment, based solely on his Guatemalan National Origin.

37. Plaintiff was assigned to a crew consisting of three Puerto Rican employees: Supervisor Hector, co-worker Braulio, and another co-worker by the name of Hector.

38. Approximately one week after Plaintiff started, the Puerto Rican crew began isolating and casting Plaintiff aside on account of his Guatemalan national origin. Plaintiff's supervisor and co-workers did not want Plaintiff in the company truck, left Plaintiff working alone while they worked together, and refused to take Plaintiff for his lunch break in the company truck.

39. Plaintiff's co-workers Braulio and Hector mocked Plaintiff and made comments such as "Guatemalans think they know how to do everything." They also repeatedly asked Plaintiff for his "immigration documents" and threatened Plaintiff that "ICE was going to take [him]".

40. Whenever Plaintiff's supervisor and co-workers saw an ICE vehicle on the road, they would say things like "watch out, they are coming for you" and laugh among themselves.

41. Plaintiff's co-workers also began making false statements to the Superintendent that Plaintiff was not working, in an effort to compromise Plaintiff's employment. This harassing and discriminatory conduct based on Plaintiff's Guatemalan national origin continued throughout Plaintiff's employment and created a hostile working environment.

42. Defendant's actions deprived Plaintiff of equal employment opportunities, causing him to suffer significant emotional and financial harm.

43. The unlawful practices described above were intentional, willful, and in direct violation of the anti-discrimination provisions of Title VII as well as the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et seq.

44. Defendant's decision to discriminate against Plaintiff GONZALEZ was based on Plaintiff's National Origin.

45. At all relevant times, including the time of the discrimination, Defendant LANE CONSTRUCTION was aware that Plaintiff GONZALEZ was of Guatemalan National Origin.

46. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

47. The Plaintiff was qualified for the position apart from his apparent National Origin.

48. The Plaintiff was discriminated against by his Managers and co-workers, because he was of Guatemalan National Origin.

49. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

50. The discrimination and harassment were perpetrated by the decision-makers, and this fact perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's National Origin, within the meaning of Title VII.

51. Defendant LANE CONSTRUCTION, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff GONZALEZ on account of his National Origin, in violation of the Act, with respect to its decision to treat Plaintiff differently from other employees.

52. Defendant LANE CONSTRUCTION wrongfully terminated Plaintiff GONZALEZ, and Defendant's unjustified discrimination against Plaintiff directly and proximately caused Plaintiff's termination from employment because of his National Origin.

53. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant LANE CONSTRUCTION is a mere pretext for the actual reasons for the termination from employment, Plaintiff's National Origin, and complaints related to the unlawful acts of Discrimination and Harassment.

54. Defendant LANE CONSTRUCTION is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation were occurring.

55. As a direct and proximate result of Defendant's intentional conduct, Plaintiff GONZALEZ suffered serious economic losses as well as mental pain and suffering.

56. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obliged to pay reasonable attorneys' fees and costs.

Prayer For Relief

Wherefore, Plaintiff GONZALEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant LANE CONSTRUCTION, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on National Origin.

B. Reinstate Plaintiff GONZALEZ to the same position he held before the retaliatory personnel action or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff GONZALEZ.

D. Order Defendant LANE CONSTRUCTION to make Plaintiff GONZALEZ whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law, including punitive damages,

G. Award attorney's fees and costs.

Jury Trial Demand

Plaintiff GONZALEZ demands a trial by jury on all issues triable as a matter of right.

**COUNT II:**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: RETALIATION**

57. Plaintiff GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

58. This is an action against LANE CONSTRUCTION for unlawful retaliation under Title VII.

59. At all times material hereto, the Employer/Defendant LANE CONSTRUCTION failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

60. The Plaintiff is a member of a protected class under Title VII because of his National Origin and his participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

61. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of discrimination, and he was further subjected to different terms and conditions of employment based on his National Origin (Guatemalan).

62. On or about the first week of June 2026, Plaintiff engaged in statutorily protected activity by complaining to management that he was being discriminated against on account of his Guatemalan national origin.

63. This complaint constituted statutorily protected activity under both federal and state law.

64. On June 10, 2026, Superintendent Russell informed Plaintiff that the crew stated they did not want to work with Plaintiff and that Plaintiff did not clean his shoes when entering the company truck. Plaintiff was terminated that day

65. Plaintiff explicitly informed Defendant that he was suffering discrimination based on his National Origin and opposed these unlawful employment practices.

66. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

67. At the time of Defendant's termination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

68. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Discrimination and Harassment due to his National Origin.

69. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of Title VII.

70. Defendant LANE CONSTRUCTION is subjected to vicarious liability because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation were occurring.

71. Furthermore, Defendant knowingly condoned and ratified the National Origin discrimination and retaliation of Plaintiff.

72. Defendant's known allowance and ratification of the wrongful conduct created and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's National Origin, within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

73. As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of his statutory rights.

74. Defendant's termination of Plaintiff was the culmination of an unlawful pattern of disparate treatment and retaliation. Plaintiff GONZALEZ has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

75. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obliged to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff GONZALEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant LANE CONSTRUCTION, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff GONZALEZ to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant LANE CONSTRUCTION to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination against Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and attorneys' fees and costs.

## Jury Trial Demand

Plaintiff GONZALEZ demands a trial by jury on all issues triable as a matter of right.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 (CHAPTER 760): NATIONAL ORIGIN DISCRIMINATION**

76. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

77. At all times, material hereto, the Employer/Defendant, LANE CONSTRUCTION, failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status.*"

78. The discrimination of Plaintiff GONZALEZ by Defendant LANE CONSTRUCTION was caused by Defendant being aware of Plaintiff's Guatemalan National Origin.

79. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

80. Plaintiff was qualified for the position apart from his apparent Guatemalan National Origin.

81. Defendant LANE CONSTRUCTION discriminated against plaintiff because Plaintiff was of Guatemalan National Origin.

82. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

83. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

84. Defendant LANE CONSTRUCTION, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's state-protected rights, discriminated against Plaintiff GONZALEZ on account of his National Origin, in violation of the Act, with respect to its decision to treat Plaintiff differently from other employees.

85. Defendant LANE CONSTRUCTION wrongly terminated Plaintiff GONZALEZ, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's National Origin.

86. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

87. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's

National Origin, and complaints related to the unlawful acts of discrimination and harassment.

88. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights, protecting a person from discrimination due to National Origin.

89. Discrimination based on National Origin constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

90. Defendant LANE CONSTRUCTION is subject to vicarious liability for the actions of its management, employees, and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation were occurring.

91. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

Prayer For Relief

Wherefore, Plaintiff GONZALEZ respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant LANE CONSTRUCTION, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice that discriminates based on National Origin;

B. Reinstate Plaintiff GONZALEZ to the same position held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant LANE CONSTRUCTION to make Plaintiff GONZALEZ whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages and Attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

Demand for a Jury Trial

Plaintiff GONZALEZ demands a trial by jury on all issues triable as a matter of right.

**COUNT IV:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT,**

**CHAPTER 760, FLORIDA STATUTES; RETALIATION**

92. Plaintiff GONZALEZ realleges paragraphs 1 through 30 as if fully set forth herein.

93. This is an action against Defendant LANE CONSTRUCTION for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes (FCRA).

94. The FCRA contains an anti-retaliation provision forbidding employers from retaliating or from taking adverse personnel action against those employees who exercise their lawful and protected rights under the Act.

95. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part as follows:

> "*It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.*"

96. Plaintiff is a member of a protected class under the Florida Civil Rights Act because of his National Origin and his participation in protected activities within the meaning of the Florida Civil Rights Act.

97. While working for Defendant LANE CONSTRUCTION, Plaintiff was subjected to discrimination and harassment based on National Origin.

98. Plaintiff reasonably engaged in protected activity by complaining about the unlawful discrimination with his own employer, LANE CONSTRUCTION.

99. Plaintiff complained and opposed the unlawful discrimination and harassment suffered at the hands of management.

100. But Plaintiff's complaints brought him only retaliation from his own employer, LANE CONSTRUCTION.

101. Following the Plaintiff's complaints, on or about June 10th, 2026, Plaintiff GONZALEZ was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints and opposition to unlawful discrimination and harassment based on his National Origin, in violation of State Law.

102. At the time that Plaintiff opposed discrimination and harassment based on his National Origin, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of the FCRA, *Fla. Stat. Section 760.10,* (7)

103. Moreover, the Plaintiff's termination occurred in temporal proximity to the Plaintiff's participation in protected activity.

104. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

105. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment based on his National Origin.

106. The Defendant's actions were malicious and were taken recklessly, with disregard for the plaintiff's rights, as they protected a person from discrimination based on their National Origin and retaliation for complaints of unlawful discrimination.

107. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation under the FCRA, *Fla. Stat. Section 760.10,* (7).

108. As a result of the retaliation, Plaintiff GONZALEZ has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

109. Defendant LANE CONSTRUCTION is subject to vicarious liability for the actions of its management, employees, and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation were occurring.

110. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## Prayer For Relief

Wherefore, Plaintiff GONZALEZ respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant LANE CONSTRUCTION, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff GONZALEZ a judgment against Defendant for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff GONZALEZ restitutionary damages, including back

pay, front pay, liquidated damages, any "Employee Welfare Benefits," and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant LANE CONSTRUCTION;

E. Award all reasonable attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

Demand for a Jury Trial

Plaintiff GONZALEZ demands a trial by jury on all issues triable as a matter of right.

Dated: September 29th, 2026

Respectfully submitted,

By: ***/s/ Alexis Mena-Glasgow***
Alexis Mena-Glasgow
Florida Bar No.: 117839
SIMPSON & MENA, P.A.
2250 SW Third Avenue, Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: **alexis@simpsonmenalaw.com**
*Attorney for Plaintiff*